UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD G. JOHNSON,**

    **Plaintiff,**

    v.

                                      Civil Action 2:15-cv-2924
                                      Judge Algenon L. Marbley
                                      Magistrate Judge Elizabeth P. Deavers

**OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,**

    **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Ronald G. Johnson, a state inmate who is proceeding without the assistance of counsel, brings this action against Defendant, the Ohio Department of Rehabilitation and Corrections ("ODRC"), seeking monetary damages as compensation for years he alleges he has been wrongfully imprisoned in violation of the United States Constitution. This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint in its entirety.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) Plaintiff's motions is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he currently

possesses the sum of seventeen cents in his prison account, which is insufficient to pay the full filing fee. His application indicates that his average monthly deposits for the six-month period prior to filing his application to proceed *in forma pauperis* were $17.86. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate No. A518770) at Lebanon Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

>    Prisoner Accounts Receivable
>    260 U.S. Courthouse
>    85 Marconi Boulevard
>    Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check. It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

      Finally, Plaintiff's request to amend his Amended Complaint to strike any request for

injunctive relief is **GRANTED**.  (ECF No. 5.)

**I.**

In his October 16, 2015 Complaint, Plaintiff alleged that he has been "double sentence[d]" in violation of his constitutional rights and falsely imprisoned in violation of state law.  (Compl. 2–4, ECF No. 1-1.)  In terms of relief, Plaintiff sought money damages and injunctive relief, including a reduction in his sentence.

Based upon Plaintiff's allegations, the Court advised Plaintiff that despite how he labeled his claims, it appeared that he was challenging the legality of his confinement, which must be pursued through a petition for a writ of habeas corpus as contrasted with a civil rights action under 42 U.S.C. § 1983.  (October 19, 2015 Order, ECF No. 2.)  The Court ordered Plaintiff to file an amended complaint that made clear whether he intended to bring a civil rights action or a habeas action.  The Court further ordered Plaintiff to submit the statutorily-required certified copy of a trust fund account statement *if* he was seeking to bring a civil rights action.

In response to the Court's October 19, 2015 Order, Plaintiff filed a trust-fund statement and an Amended Complaint that he labeled a "civil action."  (ECF Nos. 3 and 4.)  In his Amended Complaint, however, Plaintiff once again challenges his sentence and requests reduction of his sentence and monetary relief.

Thereafter, on November 5, 2015, Plaintiff filed a motion he captioned "Amended Civil Rights Action" in which he asks the Court to amend his Amended Complaint to strike his requests for injunctive relief, including his request for a reduction in sentence.  (ECF No. 5.)  Within this filing, Plaintiff makes clear that he is seeking only monetary compensation for wrongful imprisonment, which he alleges arises from Defendant's unconstitutional failure to properly calculate his sentence.

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**III.**

Applying the foregoing, it is **RECOMMENDED** that the Court dismiss Plaintiff's action in its entirety. As best as the Undersigned can discern from Plaintiff's most recent filing, he is seeking to assert a civil action under § 1983 in order to recover monetary damages for an alleged unconstitutional incarceration. As discussed below, regardless of how Plaintiff intends to proceed, dismissal under § 1915(e) is warranted.

To the extent Plaintiff intends to assert a civil action for money damages premised upon an unconstitutional incarceration, it is recommended that the Court dismiss his claims as "*Heck*-barred." In *Heck*, the United States Supreme Court held that, in assessing a § 1983 claim, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Here, Plaintiff's request for monetary relief based upon his alleged invalid sentence constitutes a collateral attack on his sentence. Thus, under *Heck*, Plaintiff cannot proceed with his § 1983 claims because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

Notwithstanding Plaintiff's representations in his most recent filing, if he instead seeks to directly challenge the fact or duration of his confinement, as the Undersigned advised in the October 19, 2015 Order, his sole remedy in federal court is habeas corpus. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who

6

seeks immediate or speedier release from confinement." (internal quotation marks and citation omitted)). Thus, to pursue any such direct challenge to the duration of his incarceration, Plaintiff must file a petition for a writ of habeas corpus that complies with Rule 2(d) of the Rules Governing Habeas Corpus Cases Under Section 2254. The Undersigned also notes that Plaintiff has failed to allege that he has exhausted his state-court remedies, which is a prerequisite to obtaining habeas relief under § 2254. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State . . . .").

## IV.

In sum, Plaintiff's requests to proceed *in forma pauperis* and to amend his Amended Complaint to strike any request for injunctive relief are **GRANTED**. (ECF Nos. 1 and 5.) In addition, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Clerk is **DIRECTED** to send a copy of this Order and Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  See, e.g., *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  December 16, 2015                                       /s/ *Elizabeth A. Preston Deavers*
                                                                    ELIZABETH A. PRESTON DEAVERS
                                                                    UNITED STATES MAGISTRATE JUDGE